IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAYMAH S. MAHDI, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TRACY TARANGO, Director, Dallas | § | |
| Field Office, U.S. Citizenship and | § | Civil Action No. 3:08-CV-1047-BF(D) |
| Immigration Services; MICHAEL | § | |
| CHERTOFF, Secretary of the | § | (ECF) |
| Department of Homeland Security; | § | |
| MICHAEL MUKASEY, United States | § | |
| Attorney General; and ROBERT S. | § | |
| MUELLER, III, Director, Federal | § | |
| Bureau of Investigation, | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendants Tracy Tarango, Director, Dallas Field Office, United States Citizenship and Immigration Services; Michael Chertoff, Secretary of the Department of HomelandSecurity; Michael Mukasey, United States Attorney General; and Robert S. Mueller, III, Director of the Federal Bureau of Investigation ("Defendants") filed a motion to dismiss this case for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because 8 U.S.C. § 1429 divests the Court of subject-matter jurisdiction while removal proceedings are pending against Shaymah S. Mahdi ("Plaintiff"). The time to respond to the motion to dismiss expired, and Plaintiff has failed to respond.

**I.   Background**

Plaintiff is a citizen of Iraq. (Dkt. 1, Pet., ¶ 2.) On October 25, 2003, she filed an application for naturalization with the United States Citizenship and Immigration Services (USCIS). To qualify for naturalization, the petitioner must be a lawful permanent resident of the United States. *See* 8

U.S.C. § 1429. On June 23, 2008, Plaintiff filed a petition for hearing on her naturalization application. Defendants filed their answer on August 25, 2008, and a scheduling order was issued on October 2, 2008. When Mahdi's United States citizen spouse failed to appear for interviews on September 15, 2008 and October 16, 2008, a USCIS officer became suspicious about the validity of Mahdi's marriage and accordingly, her permanent resident status. On October 21, 2008, USCIS terminated Mahdi's permanent resident status and issued her a Notice to Appear in removal proceedings under section 240 of the Immigration and Nationality Act (the Act). (Exh. A to Defs.' Mot.) The Notice alleged that Mahdi was removable under section 237(a)(1)(D)(i) of the Act because her status as a permanent resident had been terminated. *(*Exh. A to Defs.' Mot.) The same day, the District Director denied Mahdi's application for naturalization because pending removal proceedings take priority pursuant to section 318 of the Act. (Exh. B to Defs.' Mot.)

**II.      Analysis**

Under 8 U.S.C. § 1429, "no application for naturalization shall be considered . . . if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest." [1] Once removal proceedings have begun, consideration of a naturalization application by this Court or by USCIS is precluded. *See Saba-Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007) (while removal proceedings are pending, 8 U.S.C. § 1429 precludes the district court and USCIS from having jurisdiction under either 8 U.S.C.§ 1447(b) or 8 U.S.C. § 1421(c) to consider naturalization); *Ajlani v. Chertoff, et al.*, No. 07-1170-cv, 2008 WL 4472933, at *6-10 (2d Cir. Oct. 7, 2008) (same) (Exh. C to Defs.' Mot.); *Esomo v. Barrows*, No. 3:07-CV-1814-K, 2008 WL 3172779, at *2 (N.D.

---

[1] A Notice to Appear issued in deportation proceedings is regarded as a warrant for arrest. *See* 8 C.F.R. 318.1.

Tex. July 25, 2008) (same) (Exh. D to Defs.' Mot.). Congress enacted 8 U.S.C. § 1429 to end the "race between the alien to gain citizenship and the Attorney General to deport him." *Shomberg v. United States*, 348 U.S. 540, 544 (1955). Before Congress enacted the statute, the practice was "for both the deportation and naturalization processes to proceed along together until either petitioner's deportation or naturalization ipso facto terminated the possibility of the other occurring." *Id*. at 543. This "priority provision" makes it clear that removal proceedings have priority over naturalization applications. *Id*. at 540 § 1429. *See, e.g.*, *Saba-Bakare*, 507 F.3d at 340.

### III. Conclusion

After due consideration, the Court concludes that this Court lacks jurisdiction to proceed in this case. Defendants' Motion to Dismiss for Lack of Jurisdiction is GRANTED. This case is DISMISSED for lack of jurisdiction.

SO ORDERED, December 18, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE